IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA PIPE RECYCLING, INC., | CASE NO. CV F 08-0236 LJO SMS |
| Plaintiff, | **ORDER ON DEFENDANTS' MOTION TO DISMISS** |
| vs. | (Docs. 11-13.) |
| SOUTHWEST HOLDINGS, INC., et al, | |
| Defendants. | |

**INTRODUCTION**

Defendants Southwest Pipe Services, Inc. ("Southwest Pipe"), Southwest Holdings, Inc. and Joseph Briers ("Mr. Briers")[1] seek dismissal of plaintiff California Pipe Recycling, Inc.'s ("Cal Pipe's") declaratory relief and interpleader claims based on lack of subject matter and personal jurisdiction and improper venue. Cal Pipe contends that the federal interpleader statute and a contractual forum selection clause invoke this Court's jurisdiction over Cal Pipe's claims and the Briers defendants. This Court considered the Briers defendants' F.R.Civ.P. 12(b) motion to dismiss on the record[2] and VACATES the July 14, 2008 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DENIES the Briers defendants' motion to dismiss.

---

[1] Southwest Pipe, Southwest Holdings, Inc. and Mr. Briers will be referred to collectively as the "Briers defendants."

[2] The Briers defendants filed no timely reply papers.

1

# BACKGROUND

## The Parties

Cal Pipe is a California corporation located in Bakersfield. Mr. Briers is president and sole owner of Southwest Pipe, a Texas corporation located in Brazoria County, Texas. Mr. Briers resides in Fort Bend County, Texas. The Briers defendants claim that Southwest Holdings, Inc. does not exist, and Mr. Briers denies knowledge of or an ownership interest in Southwest Holdings, Inc.

Mr. Briers and Raymond Briers, Jr. formed defendant Briers Pipe Services Corporation ("Briers Pipe"), a Texas corporation. After discord between Mr. Briers and Raymond Briers, Jr., Raymond Briers, Jr. left the property on Hooper Road ("Hooper Road property") where Briers Pipe was located and continued to conduct business as Briers Pipe. Mr. Briers formed Southwest Pipe and conducted its business separate from Briers Pipe at the Hooper Road property.

In September 2003, Raymond Briers, Jr., the Hooper Road property owner, Raymond Briers, Sr., and Billco Construction removed Mr. Briers and Southwest Pipe from the Hooper Road property. Briers Pipe returned to the Hooper Road property in the form of T & R Pipeline Services, Inc. ("T & R Pipeline").

Mr. Briers instituted a Harris County, Texas action against multiple parties and which was quickly resolved. Briers Pipe and T & R Pipeline transferred to Mr. Briers and Southwest Pipe the conveyor equipment which is subject to this action.

Defendant Robert P. Ingrum ("Mr. Ingrum") is a Texas resident and instituted a Uvalde, County Texas action against Briers Pipe regarding a defaulted hunting license. A default judgment was entered against Briers Pipe only.

## Mr. Briers' Return Of Cal Pipe Stock

In 2005, Mr. Briers became a quarter shareholder of Cal Pipe and agreed to relocate the subject conveyor equipment from Houston to California. After shareholder discord, Cal Pipe and Mr. Briers entered into a March 27, 2007 agreement entitled "Majority Consent to Action by Directors and Shareholders Without a Meeting" ("agreement") by which Mr. Briers resigned as a Cal Pipe officer and director, sold back his Cal Pipe voting shares, and released any interest in Cal Pipe. Pursuant to the agreement, Mr. Briers sold to Cal Pipe for $187,500 the subject conveyor equipment which has been

modified and incorporated as a component of Cal Pipe's pipe cleaning machine. Cal Pipe entered into an April 13, 2007 promissory note ("promissory note") to agree to make 24 monthly payments of $6,980. The promissory note states: "This Note is executed in Kern County, California and proper venue for any arbitration or litigation arising out of the same shall be in Kern County, California, only." As of the filing of this action, a $111,660 balance remained on the promissory note. Cal Pipe claims that it invested $125,000 to incorporate the conveyor equipment into its modified pipe cleaning machine which is located in Bakersfield.

Attached to the agreement is a "Mutual General Release" which includes a choice of venue provision:

> In the event of any action, suit, or other proceedings is instituted to remedy, prevent or obtain relief from a breach of the Agreement, proper venue for any such arbitration or litigation shall be Kern County, California, only, and the parties waive any right to change of venue.

**Texas Fraudulent Transfer Action**

Since November 2006, Mr. Ingrum has pursued in a Harris County, Texas action to allege fraudulent transfer of assets claims against Mr. Briers, Southwest Pipe, Briers Pipe, T & R Pipeline and Raymond Briers, Jr. The Briers defendants contend that in January 2008, Mr. Ingrum's counsel threatened to pursue claims against Cal Pipe for payments made on the conveyor equipment which Mr. Briers transferred to Cal Pipe. The Briers defendants further contend that in response to the threat, Cal Pipe discontinued to pay Mr. Briers on the promissory note and filed this action to attempt "to interplead the payments stemming from an action pending in Harris County, Texas."

**Cal Pipe's Claims**

On February 15, 2008, Cal Pipe filed this action to allege declaratory relief and interpleader claims. Cal Pipe alleges that it relied on Mr. Briers' assertions that he sold the conveyor equipment "free of any liens" and that Mr. Briers "may not have held clear title to the conveyor equipment, and that other parties, each adverse to the other, may have an interest in the subject property." Cal Pipe seeks this Court's declaratory relief that:

1. The agreement is valid;

2. Cal Pipe is a "good faith purchaser for value, free of any wrongdoing toward any

claimants"; and

3. Cal Pipe is discharged from liability of the claims of any defendant provided that Cal Pipe may make monthly promissory note payments to the Court or a party designated by the Court.

To that end, Cal Pipe seeks to continue to interplead into this Court its monthly payments and to restrain proceedings against Cal Pipe to recover "amounts due and payable under the note."

The Briers defendants seek to dismiss this action on grounds that this Court lacks federal question or diversity jurisdiction and personal jurisdiction over the Briers defendants. The Briers defendants further contend that venue is improper in this Court to further warrant dismissal.

## DISCUSSION

### Subject Matter Jurisdiction

#### *F.R.Civ.P. 12(b)(1) Motion to Dismiss Standards*

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must be neither disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). After a party challenges subject matter jurisdiction, the non-moving party bears the burden to establish that subject matter jurisdiction exists. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396.

#### *The Interpleader Statute*

The Briers defendants challenge Cal Pipe's allegation of jurisdiction under the interpleader statute, 28 U.S.C. § 1335, which provides in pertinent part:

> (a) The district courts shall have original jurisdiction of any civil action of interpleader . . . filed by any person, firm, or corporation . . . having in his custody or possession money or property of value of $500 or more, or having issued a note . . . of value or amount of $500 or more, or providing for the delivery or payment . . . of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
>
> (1) Two or more adverse claimants, of diverse citizenship . . . are claiming or may claim to be entitled to such money or property . . .; and if (2) the plaintiff has deposited

> such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court . . . conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.

The Briers defendants argue that "the action in which the proceeds are claimed by both Ingrum and Joseph Briers lies in Texas" and that this Court will render no judgment regarding "which party is entitled to the proceeds from the conveyors" or "related to the 'subject matter of the controversy.'" The Briers defendants fault Cal Pipe for making monthly payments and for not paying to this Court's registry the full outstanding amount of the promissory note. The Briers defendants conclude that this Court lacks jurisdiction in that it will not decide the "rights to the proceeds" from the conveyor equipment.

Cal Pipe responds that elements of 28 U.S.C. § 1335 elements are satisfied to invoke this Court's subject matter jurisdiction, in that:

1.  Mr. Briers sold the conveyor equipment in California;
2.  The conveyor equipment and Cal Pipe are located within this Court's district;
3.  Southwest Pipe holds the promissory note for the conveyor equipment;
4.  Cal Pipe has made payments on the note to purchase the conveyor equipment;
5.  There may be claimants, other than Southwest Pipe, to the proceeds payable under the note; and
6.  Cal Pipe has deposited and continues to deposit with this Court funds payable under the note.

Cal Pipe further notes that this Court's subject matter jurisdiction is invoked by 28 U.S.C. § 2361, which provides in pertinent part:

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. . . .
>
> Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

The Briers defendants fail to support their broad sweeping statements and to identify which Texas court in which action will decide the "rights to the proceeds." The Briers defendants make no

meaningful challenge to this Court's jurisdiction under the interpleader statute 28 U.S.C. 1335. As Cal Pipe notes, 28 U.S.C. § 2361 further bolsters this Court's subject matter jurisdiction. Moreover, Cal Pipe faces claims to the note proceeds by diverse parties and the note exceeds 28 U.S.C. § 1335's $500 minimum. In the absence of a meaningful challenge, this Court has subject matter jurisdiction over Cal Pipe's interpleader claims.

## Personal Jurisdiction

F.R.Civ.P. 12(b)(2) empowers a defendant to challenge a complaint "for lack of personal jurisdiction." A district court's determination whether to exercise personal jurisdiction is a question of law. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Although the defendant is the moving party on a F.R.Civ.P. 12(b)(2) motion to dismiss, "the plaintiff bears the burden of establishing that jurisdiction." *Rio Properties*, 284 F.3d at 1019.

### *Forum Selection Clauses*

To meet its personal jurisdiction burden, Cal Pipe relies on the promissory note's Kern County forum selection clause. Although not mentioned by Cal Pipe, the Mutual General Release attached to the agreement includes a Kern County forum selection clause. The Mutual General Release was signed by Mr. Briers individually and as Southwest Pipe's president and secretary.

Forum selection clauses "should be respected as the expressed intent of the parties." *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 280 (9th Cir.1984) *(citing Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12-19, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)). They are prima facie valid and are enforceable unless the party challenging enforcement shows the clause is unreasonable under the circumstances. *R.A. Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir.1996) (citing *Bremen*, 407 U.S. at 10, 92 S.Ct. 1907). In *Argueta*, 87 F.3d at 325, the Ninth Circuit Court of Appeals explained that a forum selection clause is unreasonable if: (1) its incorporation into the contract was the result of fraud, undue influence, or overweening bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought.

Cal Pipe points to the Briers defendants' failure to address the forum selection clauses in their

opening papers. Cal Pipe argues that the forum selection clauses were negotiated and agreed by the parties. Cal Pipe argues that when a forum selection clause does not mandate a specific court of jurisdiction but indicates a County, either the County's state or federal forum is sufficient. *See N. Cal. District Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1036-1037 (9th Cir. 1995). Cal Pipe argues that the promissory note's forum selection clause is mandatory in that "it states the venue in which any action is to be brought."

Cal Pipe issued the note in favor of Southwest Pipe, the note's holder. Mr. Briers and Southwest Pipe signed the Mutual General Release to commit to Kern County's venue. As discussed further below, the forum selection clauses indicate the Briers defendants' intent to litigate in California to support exercise of personal jurisdiction over them.

### *General Jurisdiction*

Two recognized bases exist for personal jurisdiction over nonresident defendants: (1) "general jurisdiction" which arises when a defendant's contacts with the forum state are so pervasive as to justify the exercise of jurisdiction over the person in all matters; and (2) "specific" or "limited" jurisdiction which arises out of the defendant's contacts with the forum giving rise to the subject of the litigation. *See Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868 (1984). Absent a traditional basis for jurisdiction (presence, domicile or consent), due process requires that the defendant have "certain minimum contacts with (the forum state) such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945). A plaintiff has the burden to make a prima facie showing of a court's personal jurisdiction over a defendant. *See Data Disc, Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977).

The Briers defendants argue that they lack "substantial or continuous and systematic contacts in California to warrant general jurisdiction" in the absence of their conducting business in California since cessation of the Cal Pipe relationship. The Briers defendants note that Mr. Briers is a resident of Fort Bend County, Texas and that Southwest Pipe is located in Brazoria County, Texas. The Briers defendants point to the absence of California incorporation, licenses, offices, property, agents or bank accounts. In his declaration, Mr. Briers states: "I do not regularly conduct business in California. . . .

7

I do not have any contracts and am not doing business in any way in California."

The Briers defendants are correct regarding general jurisdiction in the absence of contacts with California which are so pervasive to justify the exercise of jurisdiction over them in all matters. The Briers defendants' contacts appear limited to the Cal Pipe dealings. As such, this Court will focus on whether the Briers defendants have sufficient minimum contacts with California to exercise personal jurisdiction.

### *Minimum Contacts*

Even if a nonresident defendant's contacts with the forum state are not sufficiently "continuous and systematic" for general jurisdiction, the nonresident defendant may be subject to jurisdiction on claims related to its activities or contacts there. Whether limited jurisdiction lies "turns on the nature and quality of the defendant's contacts in relation to the cause of action." *Data Disc*, 557 F.2d at 1287. A three-step evaluation of an out-of-state defendant's contacts with the forum determines whether limited jurisdiction exists:

1. The out-of-state defendant purposely directed its activities toward residents of the forum state or otherwise established contacts with the forum state;[3]

2. Plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and

3. The forum's exercise of personal jurisdiction must be reasonable, that is, comports with "fair play and substantial justice."

*Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 477-478, 105 S.Ct. 2174 (1985); *see Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.,* 784 F.2d 1392, 1397 (9th Cir. 1986); *Raffaele v. Compagnie Generale Maritime, S.A.*, 707 F.2d 395, 397 (9th Cir. 1983).

As to a defendant's purposefully directed activities, the Ninth Circuit Court of Appeals explained in *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988):

Purposeful availment analysis examines whether the defendant's contacts with the forum

---

[3] Other courts have articulated the purposeful activities element differently: "[T[he defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws." *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 588 (9th Cir. 1993); *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir. 1986).

are attributable to his own actions or are solely the actions of the plaintiff. In order to have purposefully availed oneself of conducting activities in the forum, the defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business with the forum state.

A "highly realistic" approach is required to determine whether a nonresident contracting party is subject to local jurisdiction. It must be recognized that a "contract is ordinarily but an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction." *Burger King*, 471 U.S. at 478. The mere fact that a nonresident enters into a contract with a forum resident does not establish "minimum contacts" between the nonresident and the forum state. *Gray & Co. v. Firstenberg Machinery Co.,* 913 F.2d 758, 760 (9th Cir. 1990). Jurisdiction is not established automatically because the forum was the "place of contracting" or "place of performance," or because breach "caused an effect" (financial loss) in the forum state. A court must determine whether the defendant "purposefully" established minimum contacts by evaluating: (1) prior negotiations; (2) contemplated future consequences; (3) the terms of the contract; and (4) the parties' actual course of dealings. *Burger King*, 471 U.S. at 478.

The Briers defendants argue an absence of "minimum contacts" for this Court to exercise personal jurisdiction over them. As to his California contacts, Mr. Briers declares:

> The only time I have been involved in California was when I was a 1/4 owner of California Pipe Recycling (CPR). I assisted in the setup of the conveyors over approximately 3 months and within a few weeks of my completion of the setup, I was forced out of CPR. I never received a paycheck, salary or profit from my involvement with CPR (other than the payments when I sold the conveyors). I never conducted business on behalf of CPR and never attended any shareholder meetings. I never entered into any contracts on behalf of CPR. When I sold the conveyors, the sale agreement was signed by me in Texas. I have not conducted any business whatsoever in California since I sold my shares in 2007. At the time of my involvement with CPR, I was at all times located and domiciled in Texas. . . . The only property located in California is the conveyors, of which SW Pipe Holdings, Inc. was receiving monthly payments from CPR and some salvage pipe, which I believe, is in the possession of CPR.

As to the purposeful activities/availing test, the Briers defendants note that their limited California contacts ended when they ceased doing business with Cal Pipe and that the agreement with Cal Pipe was entered in Texas. Focusing on the forum-related activities "but for" test, the Briers defendants note that their California activities were limited to the "short time" Mr. Briers was a quarter Cal Pipe shareholder.

9

The Briers defendants strain to attempt to deflect their purposely directed activities in California. Mr. Briers became a **quarter** shareholder of Cal Pipe, a California corporation located in Kern County. The Briers defendants transferred the subject conveyor equipment to Bakersfield to enhance Cal Pipe's operations and in turn the Briers defendants during the three months when Mr. Briers was a significant Cal Pipe shareholder. At a minimum, the Briers defendants conducted business in California with a California corporation. The Briers defendants purposefully availed themselves to conduct business in Kern County as evidenced by their agreeing to forum selection clauses in the note and Mutual General Release.

Turning to reasonableness to exercise personal jurisdiction, the Ninth Circuit Court of Appeals has developed a seven-factor test:

1. The extent of defendant's purposeful interjection into the forum state;
2. The burden on defendant of defending in the chosen forum;
3. The extent of conflict with the sovereignty of defendant's state;
4. The forum state's interest in adjudicating the dispute;
5. The most efficient forum for judicial resolution of the dispute;
6. The importance of the forum to plaintiff's interest in convenient and effective relief; and
7. The existence of an alternative forum.

*Core-Vent Corp. v. Nobel Industries, A.B.*, 11 F.3d 1482, 1487 (9th Cir. 1993). None of these factors is dispositive by itself. They all must be balanced against the others. *Roth v. Garcia Marquez*, 942 F.2d 617, 623 (9th Cir. 1991).

Purposeful Interjection

This factor is co-extensive with the purposefully directed activities analysis discussed above. When there are only attenuated contacts with the forum, the "slightness of the purposeful interjection 'militates against' a finding of the reasonableness of jurisdiction." *Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266, 1271 (9th Cir. 1981); *Indiana Plumbing Supply, Inc. v. Standard of Lynn, Inc.*, 880 F.Supp. 743, 748 (C.D. Cal. 1995). The Briers defendants argue that their "interaction in California is strictly limited to the past and does not rise to a substantial purposeful interjection." As discussed above, the Briers defendants purposefully conducted business in California with a California

corporation of which Mr. Briers was a significant shareholder. On balance, this factor favors Cal Pipe.

### Burden on Defendant

This factor examines how difficult it will be for a defendant to travel to the forum state to defend itself. *Indiana Plumbing*, 880 F.Supp. at 748. The Ninth Circuit Court of Appeals has commented:

> The law of personal jurisdiction, however, is asymmetrical. The primary concern is for the burden on a defendant. *See World-Wide Volkswagen, supra*, 444 U.S. at 292, 100 S.Ct. at 564. If the burdens of trial are too great for a plaintiff, the plaintiff can decide not to sue or, perhaps, to sue elsewhere. A defendant has no such luxury. The burdens on a defendant are of particular significance if, as here, the defendant has done little to reach out to the forum state.

*Marina Salina Cruz,* 649 F.2d at 1272. *See also Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851-852 (9th Cir. 1993).

The Briers defendants note that litigating in California is more burdensome on them and that all witnesses related to "the fate of the conveyors" are located in Texas. The Briers defendants point out that Cal Pipe is involved in an action in Brazoria County, Texas with the Briers defendants and has "counsel already in place in Texas." According to the Briers defendants, Cal Pipe's president lives in Texas.

The Briers defendants have California counsel "in place" in this action. Although litigating in Texas would be more convenient to the Briers defendants, they have demonstrated ability to conduct business in California. This factor is neutral to both sides.

### Conflict With Sovereignty Of The Briers Defendants' State

Without support, the Briers defendants claims that "Texas has a significant interest in this action and its sovereignty" and that "[a]ll the litigation involving this matter is under Texas law and within Texas Courts." The Briers defendants point to no conflict with Texas sovereignty, especially given the forum selection clauses. This factor is neutral to both sides.

### Forum State's Interest

Undoubtedly, California has an interest to provide effective, convenient means of redress for its citizens. This factor favors Cal Pipe.

### Most Efficient Resolution

The Briers defendants argue that at this early stage, this action "can be most efficiently resolved

in Texas." The Briers defendants fail to demonstrate how this action can be more efficiently resolved in Texas, especially given that Cal Pipe and its witnesses are located in California. This factor is neutral to both sides.

<u>Convenience And Effective Relief For Plaintiff</u>

The Briers defendants concede that "the present forum is of significant importance to the Plaintiff." This Court is the more convenient and effective forum for Cal Pipe and most likely influenced Cal Pipe's filing the action here. This factor favors Cal Pipe.

<u>Alternative Forum</u>

The Briers defendants point to Texas as an alternative forum. This factor favors the Briers defendants.

On balance, the reasonableness factors favor Cal Pipe to support further this Court's exercise of personal jurisdiction over the Briers defendants.

Notwithstanding the minimum contacts analysis, Cal Pipe notes that the interpleader statute, 28 U.S.C. § 2361, allows nationwide service of process and personal jurisdiction over any claimant with United States contacts in that the statute provides: "Such process and order shall be returnable at such time as the court or judge thereof directs, and shall be addressed to and served by the United States marshals for the respective districts **where the claimants reside or may be found**." The interpleader statute further supports this Court's exercise of personal jurisdiction over the Briers defendants.

**Improper Venue**

F.R.Civ.P. 12(b)(3) empowers a defendant to challenge a complaint for "improper venue." The Briers defendants point to the general venue statute, 28 U.S.C. § 1391, which provides in pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

The Briers defendants contend that diversity is "the only possibility of jurisdiction" to require evaluation of 28 U.S.C. § 1391(a)(2), that is, a judicial district where a substantial part of the events or omissions occurred or subject property is located. The Briers defendants contend that the determinative

claim is between Mr. Ingrum and Mr. Briers in Texas.

The Briers defendants are unclear as to how this Court's venue is improper under 28 U.S.C. § 1391(a)(2). The Briers defendants fail to identify the claim sufficiently between Mr. Briers and Mr. Ingrum. This Court is not in a position to speculate as to the import of the Brier defendants' contentions here.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES the Briers defendants' motions to dismiss and EXERCISES jurisdiction over this action and the Briers defendants.

IT IS SO ORDERED.

**Dated:   July 8, 2008**                                     /s/ Lawrence J. O'Neill
                                                        UNITED STATES DISTRICT JUDGE